IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Criminal Case No.: 01-396-01 (ESH) |
| ) | |
| Abdur Rahim Mahdi ) | **FILED** |
| -Defendant- ) | OCT 11 2012 |
| _____ ) | Clerk, U.S District & Bankruptcy, Courts for the District of Columbia |

DEFENDANT'S OBJECTION AND REQUEST FOR JUDICIAL
NOTICE IN OPPOSITION TO THE GOVERNMENT'S THIRD
EXTENSION AND DELAY IN PRESENTING IT'S ORDERED
RESPONSE

Here now, the defendant Abdur Rahim Mahdi, states his objection to the Government's third extension and unnecessary delay in filing it's response to defendant's section 2255 Motion, which reponse was initially ordered to be filed by this Court by January 23, 2012. In addition, the defendant asks that this court take judicial notice to several misstatement and or incorrect facts by the Government in seeking and obtaining the extensions of time to file its response. The basis of defendant's opposition is presented below.

1). The defendant is severing a life sentence, principally for the charged homicide for which defendant is actually innocent. The defendant has filed his Section 2255 motion, complete with sworn affidavits, warranting relief from the homicide conviction and sentence. However, each day that the government delays its answer to defendant's habeas

evidence of his innocence of the homicide, the defendant remains under the physical and mental stress of imprisonment for life. The defendant's motion was filed on October 11, 2011, nearly a year ago which is more than a reasonable amount of time for the Government to have presented a response.

2.) The Court, last year, on December 16, 2011, initially ordered the government to file a response to defendant's 2255 motion. Since that time, government has not filed a response, but has petitioned this Court (on or beyond the deadline of two separate extension time periods previously granted by this Court) for additional and extended time in which to respond. Each extension in time allotment for the Government's response due; first it was seventy seven days (from January 19, 2012 to April 9, 2012, to July 29, 2012), and still noresponse.

3). On August 6, 2012, seven days beyond the July 29, 2012 Court ordered deadline to file its response, the Government again moved the Court for yet another extension, without the required request to do so out of time, which the Court granted for an additional one hundred and twenty days (form July 29, 2012 to November 6, 2012), and the defendant continues to languish under the physical and mental detriment of the homicide conviction and sentence for which he is actually innocent.

4). It should be noted that the Government incorrectly stated in its "Second Motion For an Extension of Time" (8/6/12) that its motion was its second when in fact it is its third such motion; its first motion was on January 19, 2012, its second motion was on April 9, 2012, and its third was on August 6, 2012. In addition, the Government presented in its August 6, 2012 motion for an extension that it continues to need additional time to review the trial material which is volumious and overwhelming. However, the defendant habeas claims are based

on facts occurring away from the Court and thus clearly nothing in the "trial material" is relevant or dispositive of defendant's factual claims of events, occurrences and circumstances which were not before the trial Court and thus not in the recorded facts and evidence.

Wherefore, the defendant objects to the number of extension allowed the government, the increasing time allotment of each of those extensions, and the factual misstatement and or incorrect statements made and presented by the Government obtaining the extension.

Truly Yours

September 27, 2012 /s/ Abdur Rahim Mahdi
Abdur Rahim Mahdi
Reg No. 24541-016
U.S.P. Coleman I
P.O. Box 1033
Coleman, Fl 33521