UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIM. NO. 01-396-01 (ESH)** |
| | ) | |
| V. | ) | |
| | ) | |
| **ABDUR R. MAHDI** | ) | |

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for a protective order regarding certain information to be disclosed to the defendant. The United States believes, given the nature of the charges in this case and the facts proven at defendant's trial, that the protective order is appropriate and necessary to protect witnesses from physical harm, threats, intimidation, retaliation, violence, or any other tampering by the defendant and possibly others acting on his behalf. In support of this motion, the government states the following:

In response to the Court's discovery Order of November 25, 2014 ("11-25-14 Order"), on January 5, 2015 the government provided the defendant with certain information responsive to the Court's directive that the government disclose "all statements of eyewitnesses or other witnesses in the vicinity at the time of the Hattley homicide who were interviewed by the police or law enforcement, including any description of the alleged perpetrators of the shooting" (11-25-14 Order at ¶2). The government provided the following information to the defendant at that time regarding a witness described in the notes as "W-1" and who did not testify at trial:

> Attached are the relevant notes of M.P.D. Detective Tony Pollock regarding her canvas of the area of the homicide on the night of the shooting. We will be seeking a protective order from the Court, if necessary, before releasing the redacted information regarding the identity of the individual described in those

1

      notes as "W-1." (1-5-15 letter at ¶2a).

On January 15, 2015, the defendant's counsel indicated in a letter to the undersigned, "I have no objection to a restriction that only I, my investigator and Mr. Mahdi will be privy to witnesses' identities."  In response, on January 29, 2015, the undersigned informed defendant's counsel regarding the disclosure of the identity of "W-1":

> I note that you have no objection to an order that includes disclosure to the defendant.  However, because we have ongoing witness security concerns, the government will file a motion for a protective order <u>restricting the identity of the witness to you and your investigator only</u>. (1-29-15 letter at "a") (emphasis added).

The government hereby requests such a protective order.

## ARGUMENT

The Court has the ability to regulate the parties' discovery through Federal Rule of Criminal Procedure 16(d).  <u>See</u> Fed. R. Crim. P. 16(d)(1).  Specifically, Rule 16(d)(1) permits the court, upon a showing of good cause, to deny, restrict, or defer discovery or inspection by entering a protective order.  "It is appropriate . . . to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants."   <u>United States v. Barbeito</u>, 2009 WL 3645063 (S. D. W.Va. Oct. 30, 2009).  <u>See also</u> <u>United States v. Rivera</u>, 153 F. App'x 758 (2d Cir. 2005).

In this case, despite the fact that the defendant has already been tried, the government believes that there are still substantial safety and security risks posed by the disclosure of the witness information contained in the notes in question.  Entry of such a protective order will ensure the confidentiality of information relating to witness identity contained in the notes while permitting the United States to provide discovery to the defense in a timely fashion.  The proposed order accomplishes this goal by requiring that information related to the identity of

witness be held strictly confidential within the defense team (excluding the defendant), by restricting the dissemination of documents containing witness identity information, and by limiting references to witnesses in public filings to witness numbers only.  We do not believe that the proposed order meaningfully restricts the defense use of this information.[1]  The disclosure to the public of the scope of witnesses' statements and identity may unnecessarily subject these potential witnesses to potential reprisal, harassment, physical harm, or other interference.

    Accordingly, because of its ongoing witness-security concerns in this case, the government respectfully requests that before the government provide the defendant's counsel with the relevant unredacted notes of Det. Pollack, which portion contains the identity of the witness in question, the Court issue a protective order that prohibits defense counsel from disclosing the document or the information contained therein to the defendant, or to the public, including the press, absent a further order of the Court authorizing such a disclosure and with advance notice to the government.  The proposed order would otherwise permit defense counsel and/or a defense investigator, acting on defendant's behalf, to investigate the information contained in the document, and to make use of the document as necessary in this litigation so long as such use is consistent with the requirements of the protective order.

---

[1] The government is prepared to make representations to the Court *ex parte* about information gathered in the course of the investigation that gives rise to specific witness protection concerns in this case.

WHEREFORE, the United States respectfully requests that the Court issue an Order that prohibits defense counsel and/or a defense investigator from disclosing the above-identified document or the contents of the document to the defendant or to the public, including the press, unless directly authorized to do so by this Court, and with advance notice to the government.

A proposed Order is attached.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        United States Attorney
        D.C. Bar Number 447-889

        LESLIE ANN GERARDO
        Assistant United States Attorney
        Chief, Special Proceedings Division
        D.C. Bar Number 419-823

        _____/s/_____
        JAMES SWEENEY
        Assistant United States Attorney
        D.C. Bar No. 427-217
        James.Sweeney@usdoj.gov
        Special Proceedings Division
        555 4th Street, N.W.
        Washington, D.C.  20530
        (202) 252-7564